[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Town of Mansfield entered into a contract with Schoenhardt Architects, Inc., to design renovations for its middle school. Thereafter, by competitive bidding, the town awarded the contract to Atlantic Coast Construction, Inc., to do the work. Atlantic then entered into a contract with the plaintiff Hartford Casualty Insurance Company as a surety to provide a completion bond for the project, running in favor of the Town as payee.
As the work progressed, Schoenhardt and the Town, both defendants in this action paid out certain of the contract sums to a subcontractor Windsor Electrical. It later appeared that substantially all of the electrical work was defective and needed to be redone. The Town terminated Atlantic as its general contractor and Hartford Casualty, pursuant to its obligations, paid out funds to have the middle school completed. Among the funds expended by Hartford were sums to replace and repair the electrical system.
Hartford now brings this lawsuit against the Town alleging, among other claims, that the Town negligently paid out part of the contract price for the faulty electrical work, which had the effect of depleting contract funds available for the remainder of the work, causing Hartford, the surety, to spend more for completion than it would otherwise have had to, but for the negligent payments by the Town. Hartford also claims that the architects, Schoenhardt, were negligent in certifying to the Town that the electrical work was adequately progressing, thus causing the Town to make the payments. CT Page 8827
Among the causes of action brought by the plaintiff Hartford against the defendants is a claim for breach of a fiduciary duty owed by Schoenhardt in certifying the work so that funds were paid, out and a similar breach of fiduciary duty against the Town for actually making the payments. The defendant Schoenhardt moves for summary judgment on this count and is joined in its motion by the Town. They assert that there are no facts upon which a trier could reasonably find that any kind of fiduciary relationship existed between the plaintiff and either of the defendants. The plaintiff opposes the motion.
The defendants have submitted no supporting papers with their motion, and the plaintiff has submitted only the architect's certificate for payment of some portion of the Town's funds to Atlantic. Neither side has supplied an affidavit or other documentation regarding any relationship between them, much less a fiduciary one.
Connecticut law follows the equitable principle that refrains from "defining a fiduciary relationship in precise detail and in such a manner as to exclude new situations." Harper v. Adametz, 142 Conn. 218, 225 (1955) (real estate broker who is the agent of the seller may stand in a fiduciary relationship to a potential buyer). The architect as a professional charged with certifying the payment of contract funds and the Town as payor of those funds may or may not stand in a position with the surety of "justifiable trust confided on one side and a resulting superiority and influence on the other." Id. at 225. That determination must await adequate proof.
The Motion for Summary Judgment as to Count Three is denied.
PATTY JENKINS PITTMAN JUDGE, SUPERIOR COURT